IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE YARBROUGH, | § | |
| TDCJ No. 898397, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-3444 |
| | § | |
| CAPT. WILSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. He moves to proceed as a pauper under 28 U.S.C. § 1915. Plaintiff is incarcerated in the Texas Department of Criminal Justice (TDCJ).

Plaintiff sues several TDCJ officials and guards. Plaintiff claims that Captain Wilson and Lt. Gary used excessive force against him on June 27, 2002, at the Byrd Unit in Huntsville, Texas. Plaintiff seeks damages and injunctive relief.

The statute of limitations bars Plaintiff's claim. In section 1983 cases the federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989), and its tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). The Texas period of limitations for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1997).

The accrual of a cause of action is governed by federal law. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

Plaintiff learned the facts of his claim on the date of the incident underlying his claim, *i.e.*, on June 27, 2002. Therefore, the statute of limitations expired on June 27, 2004. Plaintiff filed this complaint on October 5, 2005, more than 15 months after the limitation period expired. Plaintiff's claim is time barred.

The district court may dismiss an action *sua sponte* if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's claim lacks an arguable basis in law and fails to state a claim on which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is, therefore, ORDERED that this complaint filed by George Yarbrough, TDCJ-ID No. 898397, be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. It is further ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* [Docket Entry No. 2] be GRANTED. The TDCJ-CID Inmate Trust Fund is ORDERED to deduct 20% of each deposit made to George Yarbrough's inmate trust account and forward the

funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($20.00) has been paid.

The Clerk will provide a copy to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

SIGNED at Houston, Texas, on this October 14, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge